THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TYRON SHAUGHNESSY, JOHANNES JAEGER, and JUERGAN BADURA, on behalf of themselves individually and on behalf of other similarly situated current or former employees of the named Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>LUFTHANSA TECHNIK NORTH AMERICA HOLDING CORP. a foreign profit corporation, and/or in the alternative, LUFTHANSA TECHNIK COMPONENT SERVICES LLC, a foreign profit corporation,<br><br>Defendants. | NO. 20-cv-01032 RAJ<br><br>**STIPULATED MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL OF ENTIRE ACTION**<br><br>*[DECLARATION OF SCOTT MCKAY AND PROPOSED ORDER FILED CONCURRENTLY]*<br><br>**SAME DAY MOTION NOTED FOR MARCH 8, 2021** |

JOINT MOTION FOR APPROVAL OF PLAINTIFFS'
INDIVIDUAL FAIR LABOR STANDARDS ACT
SETTLEMENTS AND DISMISSAL
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

### A. NATURE OF STIPULATED MOTION AND RELIEF REQUESTED

This is an action for unpaid overtime wages under the Washington Minimum Wage Act, RCW 49.46 ("MWA") and the Fair Labor Standards Act, 29 USC §201 et. seq. ("FLSA"). Plaintiffs Tyrone Shaughnessy, Johannes Jaeger, and Juergan Badura[1] contend that Defendants violated the MWA and FLSA by failing to provide overtime wages. After lengthy settlement negotiations, the parties have reached a fair and intelligent settlement of all claims and issues. They now file this stipulation motion for a final order for: (1) approval of the settlement[2] pursuant to the FLSA; (2) granting dismissal with prejudice of Plaintiffs' individual claims in this lawsuit, (3) granting dismissal without prejudice of Plaintiffs' collective claims pursued on behalf of un-named collective plaintiffs under the Fair Labor Standards Act; and (4) granting final judgment and dismissing this action.

### B. INTRODUCTION

After a thorough investigation of the facts, law and analysis of payroll records and an arms' length negotiation, the parties have entered into a settlement resolving Plaintiffs' claims for unpaid overtime compensation for a total payment of $170,000. As explained herein and in the accompanying declaration of Plaintiffs' counsel, the Settlement is a fair and reasonable resolution of a bona fide dispute and furthers the purposes of the FLSA by facilitating payment of purported unpaid wages to Plaintiffs. Plaintiffs' counsel believes that the Settlement represents an excellent result for his clients, as there is the possibility that this case might not result in any recovery or a recovery far less favorable.

### C. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Lufthansa Technik of North America ("LTNA")[3] provides aircraft inspection

---

[1] Plaintiff David Beberfall is no longer part of this case as he did not join in Plaintiffs' Amended Complaint [Dkt. 17.] and the Parties understand that he is no longer pursuing his claims in this lawsuit and he should be dismissed.
[2] Plaintiffs have entered into a general release of all claims against Defendants but the Parties are only requesting approval of the settlement and release of Plaintiffs' FLSA claims.
[3] Defendant Lufthansa Technik Component Services LLC is a related corporate entity but did not employ Plaintiffs.

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 1
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

services to customers of Boeing or Airbus (typically airlines or leasing companies) who have ordered new aircraft. Plaintiffs' Motion for Conditional Certification of Collective Action, Dkt. 21 ("Motion") at p. 3. Plaintiffs were employed by LTNA as aircraft inspectors. Motion at p. 1, Defendants' Answer, Dkt. 20 at ¶ 2.1. LTNA classifies its aircraft inspectors as "exempt" from state and federal overtime wages laws and pays its aircraft inspectors a flat salary as compensation for all hours of work; it does not provide aircraft inspectors with overtime pay when they work more than 40 hours in a week. Defendants' Answer, Dkt. 20 at ¶ 2.1.

Plaintiffs commenced this action in Washington state court on May 15, 2020 with the following causes of action: (1) Violation of the Failure to pay overtime wages as required by the Washington Minimum Wage Act ("MWA), RCW 49.46; (2) Failure to pay all wages due upon termination of employment as required by the Washington Wage Payment Act ("WPA"), RCW 49.48; (3) Willful withholding of wages, in violation of the Washington Wage Rebate Act ("WRA") RCW 49.52; and (4) a cause of action under the Fair Labor Standards Act ("FLSA"), 29 USC §201 et. seq. to recover unpaid overtime wages as a Collective Action under the FLSA. Defendants removed the case to Federal Court on July 2, 2020. Dkt. 1.

Plaintiffs claim that LTNA violated the FLSA by refusing to provide its aircraft inspectors with overtime wages, as required by 29 U.S.C. § 207(a). *See* Amended Complaint ("FAC"), Dkt. No. 18 at ¶¶3.3-3.5. Plaintiffs asserted collective FLSA claims for themselves as individuals and on behalf of a collective of other aircraft inspectors employed by LTNA. *See* FAC, Dkt. No. 18 at ¶¶5.1-5.5. The three Plaintiffs each submitted consents to join collective action. *See* FAC, Dkt. No. 18, Appendix B. Plaintiffs seek damages, liquidated damages, pre- and post-judgment interest, cost of suit, attorney fees and expenses, and injunctive relief. *See* FAC, Dkt. No. 18, (Prayer for Relief).

### D. PLAINTIFFS' ALLEGED DAMAGES AND SETTLEMENTS

Because LTNA treats its aircraft inspectors as non-exempt, it does not track all hours they may have spent working. Defendants' Answer, Dkt. 20, ¶ 3.1. Plaintiffs allege estimates

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 2
CAUSE NO. 20-cv-01032 RAJ

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\50506401\1

of the total hours of work each performed while employed with LTNA during the statutory period, by reference to LTNA duty rosters and calendars. *See* FAC, Dkt. 18 at 3.2.

Shaughnessy estimates he worked 500 hours of overtime for a period of January 2017 through March 2019. *See* FAC, Dkt. 18 at Appendix A. During the applicable period of this lawsuit, Plaintiff Shaughnessy received an annual salary of $87,000, or $41.82 on an hourly basis assuming 40 hours per week and fifty-two weeks per year, or $62.73 per overtime hour. Thus, Plaintiff Shaughnessy claims approximate unpaid overtime of $31,365. *See* Declaration of S. McKay ("McKay Decl."), ¶ 12.

Jaeger estimates he worked 548 hours of overtime for a period of December 2017 through December 2019. *See* FAC, Dkt. 18 at Appendix A. During the applicable period of this lawsuit, Plaintiff Jaeger received an annual salary of $81,000, or $38.94 on an hourly basis assuming 40 hours per week and fifty-two weeks per year, or $58.41 per overtime hour. Thus, Plaintiff Jaeger claims approximate unpaid overtime of $32,008.68. McKay Decl., ¶ 13.

Badura estimates he worked 1,069 hours of overtime for a period of May 2017 through July 2018. *See* FAC, Dkt. 18 at Appendix A.[4] During the applicable period of this lawsuit, Plaintiff Badura received an annual salary of $104,400, or $50.19 on an hourly basis assuming 40 hours per week and fifty-two weeks per year, or $75.28 per overtime hour. Therefore, Plaintiff Badura claims approximate unpaid overtime of $80,474.32. McKay Decl., ¶ 14.

Plaintiffs and Defendants have agreed to settle all the Plaintiffs' claims in this lawsuit and each Plaintiff has entered into a written settlement agreement and general release of all claims against Defendants. McKay Decl., ¶ 16.[5] Pursuant to the settlement agreements, Defendants will pay Plaintiff Shaughnessy a gross settlement of $45,000, with $32,000 allocated to wages and $13,000 paid as attorney's fees. *Id*. Defendants will pay Plaintiff Jaeger a gross settlement of $50,000, with $38,000 allocated to wages and $12,000 as attorney's fees. *Id*.

---

[4] Plaintiff Badura became employed as a lead aircraft inspector on or about August 1, 2018 and has dropped his claim for the time employed as a "lead". *See* Declaration of S. McKay, ¶ 5

[5] The Parties will submit a copy of the written settlement agreements to the Court for review under seal if requested.

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 3
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Defendants will pay Plaintiff Badura a gross settlement of $75,000, with $57,500 allocated to wages and $17,500 as attorney's fees. *Id.*

### E.   AUTHORITY

The FLSA allows workers to bring an action on a collective basis on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). FLSA certification, and settlement of an FLSA collective action, is different from a class action under Rule 23. See *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) (noting the difference between FLSA collective actions and Rule 23 class actions and that the FLSA is "lenient" and "usually results in certification").

### A.   The Court should approve the Settlement Agreements.

Although the Ninth Circuit Court of Appeals has never addressed the approval of FLSA settlements, the Eleventh Circuit has held that there are only two ways to settle FLSA claims: the Secretary of Labor can supervise payment of the unpaid wages owed the employee; or the district court in which a private action is pending can enter a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). A district court must "scrutinize[e] the settlement for fairness" and determine the proposed settlement "is a fair and reasonable resolution [sic] of a bona fide dispute over FLSA provisions." Id. at 1354–55. Numerous district courts follow *Lynn's Food*, including district courts in the Ninth Circuit. See, e.g., *Grewe v. Cobalt Mortg., Inc.,* No. C16-577JCC, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016) ("In reviewing a proposed collective action settlement under the [FLSA], a district court must determine whether the settlement represents a fair and reasonable resolution of a bona fide dispute" and citing *Lynn's Food*); see also 1 McLaughlin on Class Action § 2:16 (13th ed.) (referring to *Lynn's Food* as the "leading case" on the question of FLSA settlements). For the following reasons, the Court should approve the FLSA Settlements as a fair and reasonable resolution of a bona fide dispute.

#### 1.   The Settlements Reflect Resolution Of A Bona Fide Dispute.

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 4
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

Under the FLSA, settlement is permitted only where there is a "bona-fide dispute" that back wages are actually owed. *Lynn's Food Stores*, 679 F.2d at 1354. "In essence, for a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Altnor v. Preferred Freezer Svcs., Inc.*, 197 F. Supp. 3d 746, 763 (E.D. Pa. 2016) (citation omitted). Relevant here, "a dispute concerning overtime pay owed to class members is precisely the type of dispute the FLSA is designed to address." *Id*. (citation and quotation marks omitted).

The terms of the Settlement Agreement, the underlying litigation, and the negotiations all demonstrate that a bona fide dispute exists regarding Plaintiffs' claim for overtime. Plaintiffs allege that Defendants misclassified them as exempt workers based on their allegations that they did not have any management or administrative duties and therefore was required to pay them overtime. Motion at p. 6. Defendants argued that its compensation practices were not unlawful because, *inter alia,* Defendants are exempt from the FLSA pursuant to the air carrier exception. 29 U.S.C. § 213(b)(3); RCW 49.46.010(3)(g). Defendants' Answer, Dkt. 20 Affirmative Defenses at ¶ 7. Courts have found similar circumstances demonstrate a bona fide dispute. See, e.g., *Tompkins v. Farmers Ins. Exch.*, No. 5:14-cv-3737, 2017 WL 4284114, at *7 (E.D. Pa. Sept. 27, 2017) (defenses to Plaintiffs' claims and a disagreement on various legal issues" shows that settlement "resolves a bona fide dispute between the parties").

The settlement of $170,000 provides Plaintiffs with a very meaningful recovery in relation to the alleged unpaid overtime hours worked. Shaughnessy is paid a gross settlement of $45,000, which *exceeds* the amount of overtime he claims ($31,365). Jaeger is paid a gross settlement of $50,000, which also *exceeds* the amount of overtime he claims ($32,008.68). Badura is paid a gross settlement of $75,000, very near to the overtime he claims ($80,474.32). *See* Declaration of S. McKay, ¶ 7. Plaintiffs' counsel carefully negotiated the Settlement Amounts based on research, the review and analysis of documents, and detailed damages calculations. *See* McKay Decl. ¶ 8. The Settlement the parties reached reflects what Plaintiffs

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 5
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

and their counsel believe to be a fair and reasonable settlement of a bona fide disputed claim that takes into account the risks Plaintiffs would face if the case proceeded in litigation. *Id*.

### 2. The Settlement Amount Is Fair And Reasonable.

The Settlement Amount of $170,000 is a fair and reasonable result. The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank v. Eastman Kodak Co*., 228 F.R.D 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 178 (S.D.N.Y. 2000)). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id*. (quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972)). This Settlement represents a reasonable compromise because it assures Plaintiffs compensation for the alleged violations. *Cooper v. Winking Lizard, Inc*., No. 1:16CV1513, 2017 WL 4465759, at *3 (N.D. Ohio Oct. 4, 2017). The settlement amounts will provide relief to Plaintiffs now without the risk of trial and without delay, and thus are fair and reasonable.

### 3. The Collective Action Should Be Dismissed Without Prejudice.

The Parties also request that the Court Dismiss the Collective Action without Prejudice as to unnamed putative collective Plaintiffs. The Court has not conditionally certified this as a collective action and notice has not gone out. No one other than the three name Plaintiffs has filed a consent to join in this action so there no other parties to this case. Thus, there will not be any prejudice to un-named putative collective plaintiffs as they are not aware of this lawsuit and who remain free to pursue their own individual claims. This settlement will not affect these unnamed individuals.

### F. CONCLUSION

The Parties respectfully request the Court grant this motion and approve the Settlement Agreements by entering the Order submitted herewith.

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 6
CAUSE NO. 20-cv-01032 RAJ

LEGAL\50506401\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

RESPECTFULLY SUBMITTED AND DATED this 8th day of March, 2021.

DATED this 8th day of March, 2021.    COZEN O'CONNOR

/s/ William H. Walsh
William H. Walsh, WSBA No. 21911
wwalsh@cozen.com
Jason Barsanti, *Admitted Pro Hac Vice*
jbarsanti@cozen.com
Brett Greving, *Admitted Pro Hac Vice*
bgreving@cozen.com
*Attorneys for Defendants Lufthansa Technik North America Holding Corp. and Lufthansa Technik Component Services LLC*

DATED this 8th day of March, 2021.    LAW OFFICE OF SCOTT McKAY

Scott McKay, WSBA #12746
Law Office of Scott McKay
3614 California Ave. SW
Seattle, WA 98116
(206) 992-5466
scottjmckay@hotmail.com

*Attorneys for Plaintiffs* Tyron Shaughnessy, Johannes Jaeger and Juergan Badura

JOINT MOTION FOR APPROVAL OF PLAINTIFFS' INDIVIDUAL FAIR LABOR STANDARDS ACT SETTLEMENTS AND DISMISSAL - 7
CAUSE NO. 20-cv-01032 RAJ

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\50506401\1